UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-0478 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO STRIKE, IN PART, THE
DECLARATIONS OF PETER S. HERRICK AND THE PIERS DECLARATIONS**

Defendant, the U.S. Bureau of Customs and Border Protection ("CBP"), through its undersigned counsel, hereby respectfully moves, pursuant to Fed. R. Civ. P. 12(f) and 56(e), to strike the Declarations of Peter S. Herrick and Aliet Martinez ("PIERS Declarations"), in part, that were submitted by Plaintiff in opposition to Defendant's motion for summary judgment and in support of Plaintiff's motion for summary judgment. The Court is respectfully referred to the accompanying memorandum of points and authorities in support of this motion attached hereto. A proposed Order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250


Of Counsel:

Susan C. Shama
Staff Attorney
Office of Associate Chief Counsel, Trade and Finance
U.S. Customs and Border Protection

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 08-0478 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO STRIKE THE DECLARATIONS OF
PETER S. HERRICK AND PIERS DECLARATIONS, IN PART**

### I. INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Plaintiff brought this action against Defendant, the U.S. Customs and Border Protection ("CBP"), seeking the names and addresses of companies, subject to CBP's Beef Hormone Implementation Directive, which imported certain products from the European Community from July 1, 2007 thorough December 31, 2007.

On June 30, 2008, Defendant filed a motion to dismiss or alternatively, motion for summary judgment. Docket Nos. 8, 9. On July 14, 2008, Plaintiff filed its opposition and memorandum in opposition to Plaintiff's motion ("Plff. Oppo."), a Statement of Material Facts As To Which There Is A Genuine Issue, the Declaration of Peter S. Herrick ("Opp. Herrick Decl."), and the Declaration of Aliet Martinez, a regional manager of PIERS Global Intelligence

("Opp. PIERS Decl."). Docket No. 10.

On July 15, Plaintiff filed a motion for summary judgment and memorandum of points and authorities in support ("Plff. Summary Motion"), a Statement of Material Facts As To Which There Are No Genuine Issues, the Declaration of Peter S. Herrick ("Summary Herrick Decl."), and the Declaration of Aliet Martinez, a regional manager of PIERS Global Intelligence ("Summary PIERS Decl."). Docket No. 11. For the reasons discussed below, Mr. Herrick's Declarations and the PIERS Declarations should be stricken from the record, in part, and should not be considered by the Court in reviewing the parties' respective motions for summary judgment or oppositions thereto.

## II. Legal Standards of Review

### A. Motion to Strike

"Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike a pleading, or portions thereof, for insufficiency, redundancy, immateriality, impertinence or scandalousness." *Judicial Watch, Inc. v. United States Department of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (citing Fed. R. Civ. P. 12(f)). "It is settled in this jurisdiction that the term 'pleading' for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents." *Judicial Watch, Inc. v. United States Department of Commerce*, 224 F.R.D. at 263 (citing *Larouche v. Dep't of the Treasury*, 2000 WL 805214, at 13-14 (D.D.C. 2000) (citing *Humane Soc'y of the United States v. Babbitt*, 46 F.3d 93, 97 n. 5 (D.C. Cir. 1995) (internal citation omitted)). "An affidavit, or portions thereof, may also be stricken for failing to satisfy the requirements of Federal Rule of Civil Procedure 56(e)." *Id*.

2

B.     **Federal Rule of Civil Procedure 56(e)**

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall show affirmatively that the affiant is *competent to testify* to the matters stated therein.

(emphasis added). "As is true of other material introduced on a summary judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged. The objection must be timely or it will be deemed waived." *Catrett v. Johns-Manville Sales Corporation*, *et al.*, 826 F.2d 33, 38 (D.C. Cir. 1987). Defects under Fed. R. Civ. P. 56(e) are waived if a motion to strike is not filed. *See Galvin v. Eil Lilly and Co.*, 2005 WL 3272142 (D.D.C. 2005) (citing *Humane Soc'y of the United States v. Babbitt*, 46 F.3d at 96 n. 5; *DeCintio v. Westchester County Med. Ctr.*, 821 F.2d 111, 114 (2d Cir. 1987).

## III.  ARGUMENT

### A. The Declarations of Peter S. Herrick Should Be Stricken, In Part

Mr. Herrick's Declarations contain impermissible hearsay, conclusory and self-serving statements, and facts of which he is not competent to testify. *See Judicial Watch, Inc. v. United States Department of Commerce*, 224 F.R.D. at 264 (statements that are impermissible hearsay, conclusory or self-serving are generally precluded under Fed. R. Civ. P. 56(e) (internal citations omitted)). *See* Opp. Herrick Decl. ¶¶ 4-17; Summary Herrick Decl. ¶¶ 2-14. Moreover, his declarations contain legal arguments, including case citations, disguised as "facts," which are inappropriate for a declaration to support a motion for summary judgment under Fed. R. Civ. P. 56. *See* Opp. Herrick Decl. ¶¶ 4-18; Summary Herrick Decl. ¶¶ 1, 2, 3, 6-14.

Simply put, Mr. Herrick is not competent to testify to the majority of the matters contained in his declarations, because they are legal conclusions or matters for which he has no personal knowledge. Moreover, "[a]n affidavit based merely on information and belief is unacceptable." *See Londrigan v. Federal Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (holding that Fed. R. Civ. P. 56(e)'s requirement that affidavits be based on the personal knowledge of the affiant is unequivocal) (citing C. Wright & A. Miller, *Federal Practice* § 2738 (1973); J. Moore & J. Wicker, *Federal Practice* ¶ 56.22(1) (1980)).

Plaintiff cannot rebut Defendant's declaration nor create genuine issues of fact by merely putting them in declarations signed by Plaintiff's counsel. Furthermore, neither Plaintiff nor counsel have standing to raise issues on behalf of other companies. *See* Opp. Herrick Decl. ¶ 17. Accordingly, paragraphs 4 through 18 of the Opp. Herrick Decl. and paragraphs 2 through 14 of the Summary Herrick Decl., should be stricken from the record.

### B. The PIERS Declarations Should Be Stricken, In Part

Plaintiff has submitted the Declarations of Aliet Martinez, a Regional Manager of PIERS Global Intelligence ("PIERS Declaration"), in opposition to Defendant's motion for summary judgment and in support of Plaintiff's motion for summary judgment. However, to the extent that these declarations contain arguments or conclusions of law, or information not within the personal knowledge of the declarant, these declarations should be stricken.

Specifically, both the Opp. PIERS Decl. and the Summary PIERS Decl., contain assertions on behalf of "[R]eporters throughout the United States," [¶ 5], assertions on behalf of "[C]ompanies worldwide" [¶ 7], assertions concerning CBP's actions [¶ 10] and assertions concerning what "Courts routinely admit into evidence" [¶ 12]. However, this information is not

4

within the personal knowledge of the declarant nor could the declarant testify to any of these matters. Accordingly, these paragraphs of the PIERS Declarations should be stricken.

## CONCLUSION

For the foregoing reasons, the Declarations of Peter S. Herrick and the PIERS Declarations should be stricken, in part.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 08-0478 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION OF Defendant's Motion to Strike the Declarations of Peter S. Herrick and the PIERS Declarations, in part, any opposition thereto, and the entire record, it is this _____ day of _____ 2008,

**ORDERED,** that Defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED,** that paragraphs 4 through 18 of Mr. Peter Herrick's Declaration submitted in opposition to Defendant's motion for summary judgment ("Opp. Herrick Decl.") are stricken from the record; and it is

**FURTHER ORDERED**, that paragraphs 5, 7, 10 and 12 of the PIERS Declaration submitted in opposition to Defendant's motion for summary judgment ("Opp. PIERS Decl.") are stricken from the record;

**FURTHER ORDERED,** that paragraphs 2 through 14 of Mr. Peter Herrick's Declaration submitted in support of Plaintiff's motion for summary judgment ("Summary Herrick Decl.") are stricken from the record; and it is

**FURTHER ORDERED**, that paragraphs 5, 7, 10 and 12 of the PIERS Declaration submitted in support of Plaintiff's motion for summary judgment ("Summary PIERS Decl.") are stricken from the record.

_____
UNITED STATES DISTRICT JUDGE