UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-0478 (RMC) |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY AND OPPOSITION MEMORANDUM
OF POINTS AND AUTHORITIES**

Defendant, U.S. Customs and Border Protection ("CBP"), through undersigned counsel, hereby files its reply to Plaintiff's opposition to Defendant's motion for summary judgment and its opposition to Plaintiff's motion for summary judgment.  For the reasons discussed below, the Court should grant Defendant's motion for summary judgment, because Plaintiff's assertions that the information being withheld is in the public domain, and therefore not exempt under the Freedom of Information Act ("FOIA"), is factually unsupported and fails to raise a genuine issue of material fact.[1]  Moreover, Plaintiff's argument that this case is distinguishable from *Gilda Industries, Inc. v. U.S. Customs and Border Protection Bureau*, 457 F. Supp.2d 6 (D.D.C. 2006), is without merit.

---

[1] Defendant has also filed a motion to strike the Declarations of Peter S. Herrick and Aliet Martinez ("PIERS Declarations"), in part, which were submitted in opposition to Defendant's motion for summary judgment and in support of Plaintiff's motion for summary judgment, because they contain impermissible hearsay, conclusory and self-serving statements, legal arguments and conclusions, and matters on which the declarants are incompetent to testify.

**ARGUMENT**

**A. Plaintiff Has Failed to Show That There
Is a Permanent Public Record of the
Identical Information Being Withheld By CBP**

Plaintiff asserts that CBP is not restricted in releasing information provided by importers. *See* Plaintiff's Memorandum of Points and Authorities in Opposition To Defendant's Motion for Summary Judgment ("Plff. Opp. Memo.") at 2, and Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment ("Plff. Summary Memo.") at 2. Plaintiff claims that "CBP already provides the names and addresses of importers to the public." Plff. Opp. Memo. at 5; Plff. Summary Memo. at 4. Plaintiff further claims that:

> Any importer or any person, whether they are competitors or not, by subscribing to PIERS can obtain information regarding the source of the imported merchandise, such as country of origin and manufacturer, the importer's supply chain and the importer's quantity of goods. This is because CBP has released this information to PIERS.

*Id*.

The D.C. Circuit has held that the government cannot rely on an otherwise valid exemption claim to justify withholding information that has been "officially acknowledged" or is in the "public domain." *Afshar v. Dept. of State*, 702 F.2d 1125, 1130-1134 (D.C. Cir. 1983). However, in order to successfully obtain information otherwise subject to exemption, a FOIA requester bears the usually heavy burden of showing that there is a permanent public record of the "identical" information being withheld. *Davis v. Dept. of Justice*, 968 F.2d 1276, 1280 (D.C. Cir. 1992). Even upon such a showing, the government must reveal only that which is precisely duplicative of the permanent public record pointed to by the requester, which may be of little value because "'if a requester can establish that the information he seeks is freely available,' there

would be no reason to invoke the FOIA to obtain access to the information." *Id*.

According to Plaintiff, PIERS obtains information from vessel manifests and bills of lading. *See* PIERS Declaration, ¶¶ 5, 13. These documents are completed by the carrier of the goods into the United States based on second-hand information provided by the exporter, and they are made available to the public by CBP in accordance with 19 U.S.C. § 1431. These sources of information, as described in the Declaration of Shari Suzuki ("Suzuki Decl.") at ¶14, are distinct from the Entry and Entry Summary, both of which are completed by the importer under penalty of law, and both of which include the more detailed description of the goods set forth in terms of the applicable HTSUS numbers. *Id*.

Contrary to Plaintiff's contention, PIERS does not contain the "identical" information that Plaintiff seeks, namely the names and addresses of companies importing goods associated with HTSUS number 9903.02, which is approved and used by CBP to calculate duty. Thus, Plaintiff has failed to meet its burden for disclosure pursuant to the "public domain" doctrine and cannot use that as a means of overcoming Defendant's otherwise proper withholding of this information pursuant to FOIA Exemptions (b)(4) and (b)(6).

### B.  Defendant Was Not Required To Notify Other Importers of Plaintiff's FOIA Request

Plaintiff argues that CBP failed to advise other importers that Newsletter was seeking their names and addresses. Plff. Summary Memo. at 7; Plff. Opp. Memo. at 9. However, CBP's regulations provide that commercial information provided to CBP by a business submitter "will be treated as privileged or confidential and will not be disclosed pursuant to a Freedom of Information Act (FOIA) request or otherwise made known in any manner except as provided in

3

this section." 19 C.F.R. § 103.35(a). "Commercial information" is defined as "trade secret, commercial, or financial information obtained from a person." *Id*. The regulations set forth the circumstances in which CBP is required to provide written notice of receipt of FOIA requests or appeals to business submitters of commercial information. *See* 19 C.F.R. § 103.35(b)(1) The regulations provide, however, that notice is not required when "CBP determines that the commercial information will not be disclosed." 19 C.F.R. § 103.35(b)(2) In this case, because CBP determined that the information was exempt from disclosure under FOIA Exemptions (b)(4) and (b)(6), it is not required to notify the importers in question.

### C. Plaintiff Could Release Confidential Information to Competitors

Plaintiff argues that it is a newsletter and therefore, not a competitor of any importer. Plff. Summary Memo. at 9; Plff. Opp. Memo. at 10. It asserts that it has no intention to steal business or disrupt the operations of these importers. *Id*.

However, Plaintiff fails to acknowledge that disclosure in a newsletter of the confidential information that Plaintiff has requested, for all importers to read, would reek the same "competive injury." *Gilda Industries, Inc. v. U.S. Customs and Border Protection Bureau*, 457 F. Supp.2d at 9. Thus, Plaintiff's argument that it has no competitors is irrelevant and disingenuous at best.

**Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment should be granted and Plaintiff's motion for summary judgment denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250
