UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 08-0478 (RMC) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE ARE NO GENUINE ISSUES**

In opposition to Plaintiff's motion for summary judgment, and pursuant to Local Rule 7(h), Defendant submits the following response to Plaintiff's Statement of Material Facts As To Which There Are No Genuine Issues:

1. Denied. The only "public" record Plaintiff has identified is information gathered from the Port import Export Reporting Service ("PIERS") website. This website does not, however, contain information identical to that which Plaintiff seeks.

2. Denied. Plaintiff requests the names and addresses of the companies which are the subject of CBP's Beef hormone implementation Directive, who imported products subject to the directive from the European community from July 1, 2007 to December 31, 2007. Disclosing an importer's name and address paired with a Harmonized Tariff Schedule of the United States ("HTSUS") number is an impermissible disclosure of confidential business information. CBP regulations

        provide that "[c]ommercial information provided to CBP by a business submitter will be treated as privileged or confidential and will not be disclosed pursuant to a Freedom of Information Act ("FOIA") request or otherwise made known in any manner except as provided in this section." 19 C.F.R. § 103.35(a). The regulations define "commercial information" as "trade secret, commercial, or financial information obtained from a person." 19 C.F.R. § 103.35(a).

3.      Denied. Disclosing an importer's name and address paired with a Harmonized Tariff Schedule of the United States ("HTSUS") number is an impermissible disclosure of confidential business information. CBP regulations provide that "[c]ommercial information provided to CBP by a business submitter will be treated as privileged or confidential and will not be disclosed pursuant to a Freedom of Information Act ("FOIA") request or otherwise made known in any manner except as provided in this section." 19 C.F.R. § 103.35(a). The regulations define "commercial information" as "trade secret, commercial, or financial information obtained from a person." 19 C.F.R. § 103.35(a).

4.      Denied. The pairing of HTSUS subheading 9903.02 with the names and addresses of importers reveals that an importer entered one of the 27 specific goods covered by that subheading. Plaintiff is requesting more than the mere release of the names and addresses of importers associated with a specific subheading. By requesting that CBP disclose the names and addresses of importers associated with a specific HTSUS number during a specific time-frame, Plaintiff is seeking information that would reveal the specific description of a

        precise product imported by a particular importer.

5.      Denied. The association of HTSUS subheading 9903.02 with the specific names and addresses of importers who imported during a specific time-frame would permit a member of the public, such as a competitor of a particular importer, to piece together the major aspects of an import transaction and even more highly specified description of the imported product, and therefore, identify markets or sources of supplies and commerce.

6.      Denied. The association of HTSUS subheading 9903.02 with the specific names and addresses of importers who imported during a specific time-frame would permit a member of the public, such as a competitor of a particular importer, to piece together the major aspects of an import transaction and even more highly specified description of the imported product.

7.      This case is irrelevant to the issue of whether CBP has properly exempted information under the FOIA.

                              Respectfully submitted,

                              /s/
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              /s/
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C.  20530
(202) 514-7250


Of Counsel:

Susan C. Shama
Staff Attorney
Office of Associate Chief Counsel, Trade and Finance
U.S. Customs and Border Protection