UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER,<br><br>Plaintiff,<br><br>v.<br><br>U. S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 08-0478 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE, IN PART, THE DECLARATIONS
OF PETER S. HERRICK AND THE PIERS DECLARATIONS**

Plaintiff, Customs & International Trade Newsletter, through its undersigned counsel, hereby respectfully opposes defendant's motion to strike the declarations of Peter S. Herrick and Aliet Martinez ("PIERS Declarations"), in part, pursuant to Fed. R. Civ. P. 12(f) and 56(e), that were submitted by plaintiff in opposition to defendant's motion for summary judgment and in support of plaintiff's motion for summary judgment.  The Court is respectfully referred to the accompanying memorandum of points and authorities in opposition to the motion.  A proposed Order is attached.

Respectfully submitted,

_____/s/_____
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133

Tel. 305-858-2332
Fax. 305-858-6347
Email:  pherrick@bellsouth.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above-described motion was sent by regular U. S. Mail to Judith A. Kidwell, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Room E4905, Washington DC 20001 on August 16, 2008.


_____/s/_____
Peter S. Herrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER, <br><br> Plaintiff, <br><br> v. <br><br> U. S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 08-0478 (RMC) |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION STRIKE THE DECLARATIONS OF PETER S. HERRICK AND PIERS DECLARATIONS, IN PART

I. INTRODUCTION

For the reasons discussed below, Mr. Herrick's Declarations and the PIERS Declarations should not be stricken from the record, in part, and should be considered by the Court in reviewing the parties' respective motions for summary judgment or oppositions thereto.

II. ARGUMENT

A.   The Declaration of Peter S. Herrick Should Not Be Stricken In Part

The government claims the Mr. Herrick's Declarations contain impermissible heresay, conclusory and self-serving statements and facts of which he is not competent to testify. The government continues that moreover, his declarations contain legal arguments, including case

1

citations, disguised as "facts" which are inappropriate for a declaration to support a motion for summary judgment under Fed. R. Civ. P. 56. Mr. Herrick is competent to testify to all matters contained in his declarations because of his personal knowledge.

Apparently, government counsel has not read the Herrick and PIERS declarations. The Herrick declaration is based on the same form as the government's witness, Shari Suzuki.[Docket Entry 8]  Both of these declarations were made "to the best of my knowledge and belief" subject to perjury. They were not made upon information and belief. The PIERS declaration begins "I have personal knowledge of the facts stated in this declaration...." This was not made on information and belief.

The government wants to strike paragraphs 4 through 18 of Herrick's declaration and paragraphs 2 through 14 of the Summary Herrick Decl. The government has failed to explain how these paragraphs are insufficient, redundant, immaterial, impertinent or scandalous. A review of these paragraphs will explain why Herrick is competent to testify and they are from personal knowledge.

Paragraph 4 recites section 103.31(e)(3) which Herrick has read. Paragraph 5 refers to Gilda Industries, Inc. who is Herrick's client. Paragraph 6 uses the personal pronoun "I." Paragraph 7 uses the personal pronoun "I." As attorney for Gilda, Herrick is well aware of the classification of Gilda's products. Herrick has studied the cited case in paragraph 9 as a part of his law practice. Herrick has studied the directive in paragraph 10 and has referred to it in litigation in the U. S. Court of International Trade. Herrick is a subscriber to the PIERS reports referred to in paragraph 11. Herrick reviewed the HTSUS chapters 28-38 to

make the statement in paragraph 12. Herrick applied common sense and a working knowledge of the HTSUS to make the statement in paragraph 13. Herrick's statement in paragraphs 14 and 15 were made after a review of the government's pleadings. After reading the PIERS website Herrick made the statement in paragraph 16. A review of the government pleadings led Herrick to make the statement in paragraph 17. As plaintiff's attorney in the case cited in paragraph 18, it is possible that neither the Court nor opposing counsel would have been aware of this result without Herrick bringing it to their attention.

### B.     The PIERS Declarations Should Not Be Stricken, In Part

The PIERS declaration is based on the personal knowledge of Aliet Martinez, a Regional Manager of PIERS Global Intelligence as being true and correct. It is Mr. Martinez' job to know the reporters throughout the United States; the assertions of companies worldwide; assertions concerning CBP's actions; and, assertions concerning that courts routinely admit the PIERS information into evidence. Mr. Martinez is competent to testify to all matters in his declaration

### III. Legal Standards of Review

### A.     Motion to Strike

There are times when a motion to strike pursuant to Rule 12(f), Fed. R. Civ. P. is appropriate. This was set out at length in <u>Judicial Watch v. U. S. Department of Commerce</u>, 224 F.R.D. 261 (D.D.C. 2004):

> "Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike a pleading, 1 or portions thereof, for insufficiency, redundancy, immateriality, impertinence or scandalousness. See Fed. R. Civ. P. 12(f). A matter is

immaterial or impertinent when it is not relevant to the resolution of the issue at hand. See LaRouche v. United States Dep't of the Treasury, 2000 U.S. Dist. LEXIS 5078, No. 91-1655, 2000 WL 805214, at *15 (D.D.C. Mar. 31, 2000). A pleading or portion thereof qualifies as 'scandalous' for the purposes of Rule 12(f) when it 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.' 2 Moore's Federal Practice § 12.37[3], at 12-97; see also In re 2TheMart.com Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal.2000) (stating that a matter is 'scandalous where it conveys "a cruelly derogatory light on a party or other person."'). While such motions are 'considered an exceptional remedy and . . . generally disfavored,' *Larouche*, 2000 U.S. Dist. LEXIS 5078, 2000 WL 805214, at *13 (citing 2 Moore's Federal Practice § 12.37[1]), a court may carefully strike improper portions of the affidavit, while retaining all properly stated facts. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996); Wiggins v. Philip Morris, Inc., 853 F. Supp. 457, 457 (D.D.C. 1994) ('Generally, motions to strike are disfavored by federal courts. However, if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted.'). Such decisions are within the sound discretion of the trial judge. See Larouche, 2000 U.S. Dist. LEXIS 5078, 2000 WL 805214, at *13.

FOOTNOTES

1 It is settled in this jurisdiction that the term 'pleading' for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents. See Larouche v. Dep't of the Treasury, 2000 U.S. Dist. LEXIS 5078, No. 91-1655, 2000 WL 805214, at *13-14 (D.D.C. Mar. 31, 2000) (citing Humane Soc'y of the United States v. Babbitt, 310 U.S. App. D.C. 228, 46 F.3d 93, 97 n.5 (D.C. Cir. 1995) (internal citation omitted).


[**6] An affidavit, or portions thereof, may also be stricken for failing to satisfy the requirements of Federal Rule of Civil Procedure 56(e). Pursuant to Rule 56(e):

  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

therein.

> Fed. R. Civ. P. 56(e) (emphasis added). A court may strike affidavit statements (1) for which the affiant lacks personal knowledge; (2) that set forth facts inadmissible at of trial; or (3) to which the affiant is not competent to testify. Id. The 'requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented,' and an affidavit based merely on information and belief is unacceptable. See <u>Londrigan v. Federal Bureau of Investigation</u>, 216 U.S. App. D.C. 345, 670 F.2d 1164, 1174 [*264] (D.C. Cir. 1981) (citing C. Wright & A. Miller, Federal Practice § 2738 (1973); J. Moore & J. Wicker, Federal Practice P 56.22(1) (1980)). Thus, statements [**7] that are impermissible hearsay, conclusory or self-serving are generally precluded. See *Evans*, 80 F.3d at 962; <u>Visser v. Packer Eng'g Assocs. Inc.</u>, 924 F.2d 655, 659 (7th Cir. 1991); <u>Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.</u>, 969 F.2d 1384, 1388 (2d Cir. 1992); <u>Thomas v. Int'l Bus. Machines</u>, 48 F.3d 478, 485 (10th Cir. 1995); <u>Cifarelli v. Village of Babylon</u>, 93 F.3d 47, 51 (2d Cir. 1996)."

As noted by the courts it is a formidable burden of prevailing on a motion to strike, especially affidavits and is generally frowned upon by the courts.

This is especially true in this case. In *Judicial Watch* the court went into detail discussing each paragraph of the Stewart Declaration and clearly explaining why it should be struck. The same is true with *Londrigan*. The court went into detail discussing each paragraph of the Wroblewski affidavit and clearing explaining why it should be struck.

Here the government has merely indulged in incorrect generalizations regarding the Herrick and PIERS declarations. It never went into detail of each of the paragraphs explaining why they should be struck.

## **CONCLUSION**

For the foregoing reasons there is no need to strike any portions of the Herrick and PIERS declarations.

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above-described motion was sent by regular U. S. Mail to Judith A. Kidwell, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Room E4905, Washington DC 20001 on August 16, 2008.

/s/
Peter S. Herrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER,<br><br>Plaintiff,<br><br>v.<br><br>U. S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | Civil Action No. 08-0478 (RMC) |

### ORDER

Upon consideration of defendant's motion to strike the declarations of Peter S. Herrick and the PIERS declarations, in part; and, plaintiff's opposition to the motion to strike; and, the entire record it is

**ORDERED** that defendant's motion to strike is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008
Washington, D. C.