UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 08-0478 (RMC) ) |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
STRIKE, IN PART, THE DECLARATIONS OF PETER S. HERRICK
AND THE PIERS DECLARATIONS**

Defendant, the U.S. Bureau of Customs and Border Protection, through its undersigned counsel, hereby files its reply to Plaintiff's opposition to Defendant's motion to strike the Declarations of Peter S. Herrick and the PIERS Declarations, in part.

**I. PETER S. HERRICK'S DECLARATIONS
SHOULD BE STRICKEN, IN PART, BECAUSE
THEY FAIL TO SATISFY THE REQUIREMENTS OF RULE 56(e)**

Rule 56(e) of the Federal Rules of Civil Procedure requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such **facts** as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (emphasis added). Moreover, an attorney's declaration is governed by the same rules that apply to other declarants under Rule 56(e). Thus, an attorney's declaration is admissible only to prove facts that are within the attorney's personal knowledge and based on facts cited that support the conclusion that the attorney is competent to testify. *Sellers v. M.C.*

*Floor Crafters, Inc.*, 842 F.2d 639 (2nd Cir. 1988); *Friedel v. City of Madison*, 832 F.2d 965, 969 (7th Cir. 1987).  Unless the party's attorney has first-hand knowledge, no insistence on his part, not even his declaration, can have probative force on a motion for summary judgment.  *School Dist. No. 1J, Multomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir. 1993) (affirmed summary judgment because attorney affidavit did not provide facts or authenticated documents to support allegations); *Peterson v. United States*, 694 F.2d 943, 945 (3rd Cir. 1982)( lack of personal knowledge and failure to attach authenticated document violated rule 56(e) and made summary judgment improper).

      Plaintiff argues that Mr. Herrick is competent to testify to the legal arguments he makes and the conclusions he reaches in his declarations because:[1] (a) he "has read section 103.31(e)(3)" as cited in paragraph 4 of his declaration; (b) represents Gilda Industries, Inc. as cited in paragraph 5 of his declaration; (c) uses the personal pronoun "I" in paragraphs 6 and 7 of his declaration; (d) "has studied the case cited in paragraph 9 as part of his law practice;" (e) "has studied the directive" cited in paragraph 10 of his declaration; (f) "is a subscriber to the PIERS reports referred to in paragraph 11" of his declaration; (g) reviewed the HTSUS chapters 28-38 to make the statement" in paragraph 12 of his declaration; (h) "applied common sense and a working knowledge of the HTSUS to make the statement in paragraph 13" of his declaration; (g) made his statements "in paragraphs 14, 15, and 17" of his declaration "after a review of the

---

[1] Plaintiff does not make it clear to which declaration it is referring.  The paragraphs in Mr. Herrick's declarations are not the same.  For instance, in the first line of paragraph 4 in the declaration of Mr. Herrick that was submitted in opposition to Defendant's motion for summary judgment, Mr. Herrick is making the assertion that "CBP already releases information on imports to the public."  However, in the first line of paragraph 4 of the declaration of Mr. Herrick submitted in support of Plaintiff's motion for summary judgment, Mr. Herrick asserts "[O]n July 1, 2008, I accessed a PIERS CD for November, 2002."

government's pleadings;" (i) made the statement in paragraph 16 of his declaration "after reading the PIERS website;" and (j) "as plaintiff's attorney" in *Peter S. Herrick, P.A. v. U.S. Customs and Border Protection,* D.D.C. Civil Action No. 08-0036 (RBW), he made the statement in paragraph 18 of his declaration. However, these are not facts, but instead legal conclusions that Mr. Herrick is asserting and would not be competent to testify to at trial. Much of what Mr. Herrick asserts is hearsay, and he has made no attempt to authenticate his documents.[2]

In any event, Mr. Herrick's declarations do not even list his qualifications. In fact, there is nothing in his declarations that indicates that he is a lawyer, was counsel in certain cases, or has any expertise at all. Accordingly, paragraphs 4 through 18 of Mr. Herrick's declaration in opposition to Defendant's motion for summary judgment and paragraphs 2 through 14 of Mr. Herrick's declaration in support of Plaintiff's motion for summary judgment should be stricken.[3]

## II. THE PIERS' DECLARATIONS SHOULD BE STRICKEN, IN PART, BECAUSE THEY FAIL TO SATISFY THE REQUIREMENTS OF RULE 56(e)

Plaintiff additionally argues that, as a regional manager for PIERS, Mr. Martinez is competent to testify in his declaration as to what reporters do throughout the United States, because it is his "job to know the reporters throughout the United States." *See* PIERS Declaration ¶ 5. In addition, Plaintiff argues that because he is a regional manager for PIERS,

---

[2] In fact, it is unclear why Mr. Herrick is asserting information about PIERS in his declaration, when he has submitted separate PIERS' declarations from Mr. Martinez. Fed. R. Civ. P. 56(e) requires sworn or certified copies of attachments.

[3] It appears that Plaintiff has conceded Defendant's arguments with respect to striking paragraphs 2 and 3 of Mr. Herrick's declarations submitted in support of Plaintiff's motion for summary judgment, and any other paragraphs for which he has failed to address the arguments in Defendant's motion to strike.

Mr. Martinez is competent to make assertions on behalf of "companies worldwide," "CBP's actions" and even what "courts routinely admit into evidence." *See* Piers Declaration ¶¶ 7, 10, and 12.  However, there is nothing in Mr. Martinez's declaration which in any way suggests that his job would qualify him to testify to these matters.  The PIERS declaration does not even describe his duties or how long Mr. Martinez has held his position.  Nor does it advise the Court how as a regional manager he can assert facts on behalf of reporters, companies, and courts worldwide.

Accordingly, paragraphs 5, 7, 10, and 12 of the PIERS declaration submitted in opposition to Defendant's motion for summary judgment and in support of Plaintiff's motion for summary judgment should be stricken.

### III.  DEFENDANT HAS PROVIDED SUFFICIENT DETAIL FOR THE COURT TO DETERMINE WHICH PARAGRAPHS SHOULD BE STRICKEN

It is interesting that Plaintiff argues that Defendant has not provided the Court with enough detail as to each paragraph that should be stricken, when Plaintiff has failed to provide enough detail for the Court to determine to which declaration it is referring in its opposition to Defendant's motion to strike, in part.  Moreover, in light of the fact that Plaintiff does address certain paragraphs which Defendant seeks to strike, Plaintiff has conceded Defendant's arguments as to those paragraphs.

In any event, in its motion to strike and proposed order, Defendant refers not only to the specific paragraphs to be stricken, but also to the specific declaration that contains those paragraphs.  Defendant, therefore, submits that it has provided the Court with sufficient detail necessary for the Court to make a determination as to whether the declarations of Peter S.

Herrick and the PIERS declarations should be stricken, in part.

## Conclusion

For the foregoing reasons, Defendant's motion to strike, in part, the declarations of Peter S. Herrick and the PIERS' declarations should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250
