UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER, <br><br>           Plaintiff, <br><br> v. <br><br> U. S. CUSTOMS AND BORDER PROTECTION, <br><br>           Defendant. | Civil Action No. 08-0478 (RMC) |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND/OR RELIEF FROM A JUDGMENT OR ORDER

Plaintiff, Customs & International Newsletter ["Newsletter"] by and through its undersigned attorney, respectfully moves the Court pursuant to Rules 59(e) and 60(b)(2) & (6), Federal Rules of Civil Procedure, to alter or amend its Order issued on December 9, 2008 and/or grant relief from this order, and, states as follows:

On December 9, 2008 this Court issued an Order denying plaintiff's motion for summary judgment and a Memorandum Opinion supporting the Order. This Court's reasoning in its decision, *inter alia*, was that the requested records were not in the public domain.

On December 9, 2008 I telephoned the defendant's attorney, Judith A. Kidwell to ascertain if the government would consent to this motion and she advised that it would not.

1

## BACKGROUND

On November 6, 2008 the Office of the United States Trade Representative ["USTR"] published a Notice in the Federal Register requesting comments on a proposal to remove products from the Beef Hormone Retaliation List (Annex I) and to add products to the List (Annex II). This Court was advised of this Notice on November 20, 2008, Docket Entry 20. A copy of this Notice is enclosed as Exhibit A.

The period for filing comments closed on December 8, 2008. The public submissions were posted on the website, www.regulations.gov/Docket No. USTR-2008-0036. As a result of his Notice it appears that the USTR received more than 120 submissions.[1] Copies of pages from this website are enclosed as Exhibit B. These submissions were made by importers of products from the European Communities who have been paying !00% Customs duties or who may be paying these duties in the future. A sampling of importers paying 100% Customs duties from Exhibit B include Ahlstrom, Food Match, Inc., Lamex, Sanfaustino, World Finer Foods, Inc. and Gilda Industries, Inc. Their comments are enclosed as Exhibit C. These comments include not only their names but their addresses.

We have also located a Freedom of Information Act ["FOIA"] response from the USTR dated December 1, 2004 which is enclosed as Exhibit D. Exhibit D was included in the 471 page appendix submitted by the appellant in <u>Gilda Industries, Inc. v. United States</u>,

---

[1] In fact it appears from an email received from the Department of Justice dated December 11, 2008 the USTR is still receiving and evaluating comments [Exhibit G]

446 F. 3d 1271 (Fed. Cir. 2006) [Herrick Dec. ¶ 5, Exhibit F]. On this list are the names of importers who submitted comments to the USTR. We had forgotten these names were in the public domain until an email was sent as a 301Alert on December 1, 2008, copy enclosed as Exhibit E. In a conversation with William L. Busis, Chair, Section 301 Committee it was determined that this email was being sent to those persons who had previously submitted comments, Exhibit D. [Herrick Dec. ¶ 4]. The names and addresses of these importers are available in the USTR's public reading room as confirmed by the USTR's FOIA office. [Herrick Dec. ¶¶ 6 & 7].

## FREEDOM OF INFORMATION ACT EXEMPTION 4

This Court decided that the defendant, U. S. Customs and Border Protection, did not have to release the requested names and addresses based on Exemption 4. Furthermore, the Court determined that the records provided by PIERS did not constitute "a permanent public record of the exact" information that Newsletter was seeking. As pointed by the Court the government cannot rely on an exemption claim to justify withholding information already within the public domain. Asfshar v. Dep't of State, 702 F. 2d 1125,1130-34 (D.C. Cir. 1983). This Court further pointed out that Newsletter "bear[s] the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." Davis v. United States Dep't of Justice, 968 F. 2d 1276, 1279 (D. C. Cir. 1992). However, this was not the end of the Davis appeals. In John Davis v. Department of Justice, 460 F. 3d 92, 96 (D.C. Cir. 2006) the court observed:

3

> "Although the government argued that it was no longer possible to determine which of a 'play list' of 163 taped excerpts had actually been played in the courtroom, the district court held that the government bore the burden of showing that the tapes had not entered the public record and must 'suffer the consequences of the impasse.' Id. at 4. The court ordered release of all the tapes.
>
> On appeal, this court reversed. See Davis v. Dep't of Justice, 296 U.S. App. D.C. 405, 968 F.2d 1276, 1282 (D.C. Cir. 1992) ('Davis I'). We held that, while the ultimate burden of persuasion remains on the government, 'a party who asserts that material is publicly available carries the burden of production on that issue.' Davis I, 968 F.2d at 1279 (emphasis omitted). We then remanded to give Davis an opportunity to show that the tapes he sought, or portions of them, were played at the trial. Id. at 1282.
>
> In an effort to meet his burden under Davis I, Davis produced docket entries and transcripts from the Marcello trial. In response, the FBI released 157 of the 163 tapes and said it would have released another tape but could not find it."

Davis relied on docket entries and transcripts to meet his burden and the FBI capitulated in releasing almost all of the tapes. The tapes not released were exempted under a different exemption.

Newsletter is relying on actual names and correspondence available either in the USTR's reading room or the government website to meet its burden that the requested names and addresses are duplicated in a permanent, public domain.

## RULES 59(e) AND 60(b)(6) PROVIDE FOR THE REQUESTED RELIEF

This motion is being timely filed as prescribed by Rule 59(e). Rule 60 provides in pertinent part:

> "Rule 60. Relief from a Judgment or Order
> \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On

motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief."

Pursuant to Rule 60(b)(2) and (6) Exhibits B, C and D constitute newly discovered evidence that could not have been discovered in time to amend Newsletter's motion for summary judgment. Newsletter did not become aware that the requested records were in the public domain until after December 1 and 8, 2008.

This newly discovered evidence justifies relief for Newsletter from the denial of its motion for summary judgment. The requested names and addresses should be immediately released to Newsletter.

WHEREFORE Newsletter respectfully requests the Court to alter or mend its judgement entered on December 9, 2008 to grant Newsletter's motion for summary judgment and to deny the defendant's motion for summary judgment.

Respectfully submitted,

_____/s/_____
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court

>Miami, Florida 33133
>Tel. 305-858-2332
>Fax. 305-858-6347
>Email:  pherrick@bellsouth.net
>Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above-described motion was sent by regular U. S. Mail to Judith A. Kidwell, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Room E4905, Washington DC 20001 on December 11, 2008.

>_____/s/_____
>Peter S. Herrick