UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CUSTOMS & INTERNATIONAL TRADE NEWSLETTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-478 (RMC) |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

    This Court granted summary judgment in favor of the U.S. Customs & Border Protection Bureau ("CBP"), finding that CBP properly declined to release information under Exemption 4, 5 U.S.C. § 552(b)(4), the confidential commercial information exception to the Freedom of Information Act ("FOIA"), *id*. § 552. Arguing that the information was improperly withheld because the information can be found in the public domain, the Customs & International Trade Newsletter (the "Newsletter") filed a motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). As explained below, the motion is denied.

    The Newsletter's FOIA request sought the names and addresses of companies who are the subject of the Beef Hormone Implementation Directive[1] who imported products from the European Community during the period July 1 to December 31, 2007. In opposition to CBP's motion for summary judgment, the Newsletter argued that the names and addresses of these

---

[1] Companies who are the subject of the Beef Hormone Implementation Directive are importers subject to 100% duty pursuant to their classification under the Harmonized Tariff Schedule of the United States subheadings 9903.02.21 through 9903.02.47.

companies were in the public domain already and should not be withheld. The Court found that the Newsletter failed to show that information identical to that which it seeks is in the public domain:

> The Newsletter asserts that Exemption 4 does not apply because the information it seeks is publicly available to anyone who subscribes to the Port Import Export Reporting Service (PIERS). By subscribing to PIERS, the Newsletter alleges, any person could obtain information regarding the source of the consignee's name and address, the imported merchandise, the supply chain, and the quantity of goods. The government cannot rely on an exemption claim to justify withholding information already within the public domain. *Afshar v. Dep't of State*, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983). However, the Newsletter "bear[s] the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992). And while the Newsletter has filed PIERS documents, it fails to satisfy this burden. The documents show, at most, only that the same general type of information is available on PIERS, not that there is "a permanent public record of the exact" information that the Newsletter seeks. *See id.* at 1280. According to the Newsletter, PIERS obtains information from vessel manifests. *See* Pl.'s Mot. for Summ. J., PIERS Decl. ¶ 5. Vehicle manifest information is public information, provided by the carrier and not the importer. It is less detailed and less reliable than the Entry and Entry Summary information provided by an importer. Suzuki Decl. ¶ 14. In sum, the Newsletter has failed to show that the PIERS information is identical to the information it seeks in this FOIA action.

Mem. Op. [Dkt. # 21] filed Dec. 9, 2008 at 9-10. The Newsletter now submits additional evidence in support of its claim that the importer names and addresses it seeks are in the public domain.[2]

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A

---

[2] For the purpose of this Order, the Court will assume that the additional evidence submitted is "new" evidence.

Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993). Like Rule 59(e), Rule 60(b)(2) also provides for relief from judgment due to newly discovered evidence.

In its motion for reconsideration, the Newsletter contends that new evidence demonstrates that the information it sought in its FOIA request exists in the public domain.[3] The Newsletter bears the burden of pointing to specific information in the public domain that appears to duplicate that being withheld. *Davis*, 968 F.2d at 1279. To meet this burden, the Newsletter submitted copies of comments received from various importers in response to a November 6, 2008 Notice in the Federal Register. The Notice was published by the U.S. Trade Representative and it sought comments on a proposal to remove certain products from the Beef Hormone Retaliation List and to add other products to the list. The Newsletter argues that these comments included the names and addresses of the importers it sought in its FOIA request. The Newsletter again has failed to show that the information in the public domain is identical to that which it seeks. The Newsletter concedes that the comments were made by "importers of products form the European Communities who have been paying 100% duties *or who may be paying these duties in the future*." Pl.'s Motion to Alter J. [Dkt. # 23] at 2. By definition this list of importers is not identical to those who imported

---

[3] The Newsletter also asserts that it is entitled to relief under Rule 60(b)(6), which permits the amendment of a judgment for "any other reason justifying relief from the operation of the judgment." This catch-all provision gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The Newsletter has not shown such extraordinary circumstances in this case.

designated products from July 1 to December 31, 2007.

In addition, the Newsletter submitted a 2004 response to a FOIA request listing the names of importers who submitted comments in response to a May 31, 2000 Federal Register Notice. The Newsletter has not shown that this list of companies who imported goods or planned to import goods from between 2000 and 2004 is identical to the list the Newsletter sought in its FOIA request, the names of importers who imported products from July 1 to December 31, 2007.

Accordingly, Plaintiff's motion to alter judgment [Dkt. # 23] is **DENIED**. This is a final appealable order, *see* Fed. R. App. P. 4(a), and this case is closed.


Date: January 22, 2009         _____/s/_____
                               ROSEMARY M. COLLYER
                               United States District Judge